Bradley, J.
The action was brought to recover damages for refusal of the defendant to perform a contract *838 alleged to have been made by him with the plaintiff to sell and deliver to the latter seventy sheep. It appears that on January 12, 1884, an agreement was made between the parties for the sale by the defendant of the sheep to the plaintiff, to be delivered a month thereafter at five and a half cents per pound. And that on the 15th day of January the plaintiff, with one Hampton, called upon the defendant and some negotiation was had with a view to such modification of the agreement that the plaintiff should take delivery of the sheep the next day or within two or three days following. The result of that negotiation is the subject of conflict of evidence between the parties. The plaintiff claims and gives evidence tending to prove that the first agreement was then so modified, that he was to take the sheep at $4.75 per head, and that they were to be delivered to him the next day if he could obtain a car then for their transportation, and that if he could not that day he should at all events take them on or before the eighteenth of January. While the defendant gave evidence tending to prove that he agreed to so sell and deliver the sheep to the defendant at such price provided Hamptoñ took at the price of $4.75 per hundred pounds, fifty sheep which the defendant had recently purchased of one Mundy. On the following day the plaintiff, on his way to the defendant’s place, met him on the road going away from his home, advised the defendant that he had a car and wanted to get the sheep, and the defendant refused to let him have them unless Hampton took the fifty other sheep at the price before mentioned. The latter being present did not propose to take them". The evidence on the part of the plaintiff is that at this interview, he had with him the money to pay for the sheep, and so advised the defendant, and offered then to pay him for them, and he refused to deliver the sheep or take payment.
Thereupon, the plaintiff provided himself with legal tender currency, went to the defendant’s house and left with the defendant’s daughter (he being absent) the requisite amount of money to pay (with what had before been advanced) for seventy sheep at $4.75 per head. To the reception of the evidence that he left the money at the defendant’s house, exception was taken. There was no error in the admission of this evidence. If the jury believed that the plaintiff was ready when he met the defendant that day to pay for the sheep and so informed him and offered. to pay, and the defendant refused to perform the contract on.his part that was probably sufficient without an actual tender of the money. And there was evidence on the part of the plaintiff which permitted the inference that the defendant was leaving home to avoid the plaintiff in reference *839 to the performance of the alleged agreement, and although the evidence m that respect may have been slight it was sufficient to permit the conclusion that he had a right to make tender at his house in his absence Smith v Smith, 25 Wend, 405, S. C , 2 Hill, 351, Judd v Ensign, 6 Barb., 258
The only question requiring any consideration is that arising upon an exception to the charge of the court. The plaintiff’s counsel requested the court to charge the jury “ that the payment by the plaintiff to the defendant’s daughter for the defendant’s benefit of this money is evidence of the good faith of the plaintiff in carrying out the agreement made or alleged to be made by the plaintiff with the defendant.”
The court thereupon remarked, “I think that is correct. They claim that it is evidence tending to show that the plaintiff was acting in good faith and believed that he made a bona fide contract with the defendant. I charge that.” To this the defendant’s counsel excepted.
The main contest of fact upon the trial related to the contract between the parties. The final agreement, as claimed by the plaintiff, and which his evidence tended to support, was distinctly disputed by the defendant’s evidence While that of the former was that for the sale and delivery of the seventy sheep at $4 75 per head the evidence of the defendant was in terms as positively expressed that the sale andde - livery of the sheep to the plaintiff at that price was dependent upon the acceptance by Hampton of his offer to sell the Mundy sheep at the price of 84.^5 per hundred pounds weight. If the latter was the agreement, the plaintiff was not entitled to recover And in view of this conflict of the evidence the question was one of fact upon which the finding of the jury either way may have been deemed supported on review. The effect of evidence and its bearing upon this controverted fact was for their determination, and whether the evidence or fact of the payment of the money to the defendant’s daughter tended to prove anything more than it necessarily imported, was not a question of law for the court, but was matter of inference for the jury solely. The conflict in the statements of the parties, involved the enquiry whether the difference was of understanding or recollection merely, of the terms of the agreement, or whether it was otherwise on the part of one of them, and the charge of the court characterizing the inference from the fact referred to as tending to prove that one of the parties acted in good faith and believed he had made the contract as it was claimed by him to have been made may have prejudiced the defendant. It may be that in the view of the jury that was a. legitimate inference. They could have *840 so found, but it was for them to give such effect to that evidence and derive from it such inference as in their judgment in view of all the circumstances they deemed it entitled to And when the court instead of leaving the question to them, advised the jury as matter of law that the evidence tended to produce a particular inference or to show a fact which was an inference only, as was done, the province of the jury we think was improperly invaded. And for that reason the judgment should be reversed and a new trial granted, costs to abide the event.
Smith, P. J., Barker and Haight, J. J., concur.